Richard **WINANT**

v.

**W. W. ROGERS.**

**Civ. A. No. 13021.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 13, 1966.

Robert R. Rainold, Baldwin, Haspel, Molony, Rainold, & Meyer, New Orleans, La., for plaintiff.

Harold L. Molaison, Gretna, La., Neville M. Landry, Duke & Porterie, Breard Snellings, Sessions, Fishman, Rosenson & Snellings, New Orleans, La., for defendant.

WEST, District Judge:

Plaintiff in this case is a professional jockey who, on January 9, 1962, was riding at the Fair Grounds Race Track in New Orleans, Louisiana. The defendant is the owner of a race horse which was, on January 9, 1962, also at the Fair Grounds Race Track. On the day in question, the plaintiff was riding a horse, for time, in a counterclockwise direction around the track. At the same time, defendant's horse was being exercised by a pony boy, who, while riding his own horse, was leading defendant's horse around the track for exercise. At the time of the incident in question, there were many other horses being exercised, or worked out, on the track. Suddenly the defendant's horse, which was being ponied around the track, broke loose from the hold of the pony boy and ran in a counterclockwise direction around the track, and collided head on with the horse being ridden at a fast rate of speed by the plaintiff, causing plaintiff's horse to fall and causing plaintiff to sustain personal injuries. Plaintiff sues the defendant, as the owner of the horse that broke loose, for damages allegedly sustained by him as a result of this incident.

Defendant filed a motion for summary judgment on the ground that if this accident was caused by anyone's negligence, it was the negligence of the pony boy, and that the pony boy was an independent contractor for whose negligence the defendant cannot, under Louisiana law, be held liable. After hearing arguments of counsel on this motion, this Court, on April 27, 1966, denied defendant's motion for summary judgment. Now, after further consideration of the record hereof, and on the Court's own motion, the order of this Court dated April 27, 1966, denying defendant's motion for summary judgment, will be recalled, rescinded, and set aside, and an order granting defendant's motion for summary judgment will, for the following reasons, be entered herein.

On reconsidering the deposition testimony filed herein by the defendant in support of his motion, this Court is of the opinion that there is no material issue of fact involved, and that, based upon the facts as established by this testimony, the defendant cannot, as a matter of law, be held liable for plaintiff's injuries.

In addition to the testimony of the defendant, W. W. Rogers, the testimony of four of the plaintiff's own witnesses was attached to the defendant's motion for summary judgment. A study of this testimony shows unequivocally that a pony boy who is hired to exercise horses at the Fairgrounds Race Track is not an employee of the horse owner, but is indeed an independent contractor. He must be licensed by the Fairgrounds before he can work there, and he works for any owner or owners who will pay him his established fee of $2.00 for ponying a horse around the track. As soon as he finishes with one horse, he seeks work from another owner. Every witness who testified, including four of the plaintiff's own witnesses, unequivocally state that the pony boy is not the owner's employee but that he works for himself as an independent contractor. The pony boy owns his own horse, and his only instruction, upon being hired, is to pony the horse once or twice around the track. At times there are fifty to seventy-five horses being exercised at one time on the track, and it is not at all unusual for a horse to break away from the pony boy. There are watchers around the track who issue a warning when a horse breaks loose, just as was done in the instant case. After the horse is turned over to the pony boy for exercising, the owner has no further control over the horse until it is returned to him or his employee after the ponying has been completed. None of these witnesses knew any horse owner who had his own pony boy. They all relied on licensed pony boys at the track to perform this function. Plaintiff has not furnished one bit of evidence that would even tend to prove that the pony boy involved in this case could in any sense be deemed to be an employee of the defendant. The unrefuted evidence is overwhelming to the effect that the pony boy here involved was purely and simply an independent contractor for whose negligence the defendant is not, as a matter of law, liable. Dowling v. Mutual Life Ins. Co. of New York, La.App., 168 So.2d 107 (4 Cir. 1964); Shelton v. Barber Brothers, La. App., 94 So.2d 489 (1 Cir. 1957).

Upon oral argument, plaintiff for the first time contended that pursuant to Louisiana Revised Civil Code, Article 2321, the defendant, as owner of an animal with a vicious or dangerous propensity, was liable for damages caused by it. There is no merit to this contention. Nowhere in the evidence submitted is there any indication that the animal in question had any vicious or dangerous propensity. The recent case of Tamburello v. Jaeger, 249 La. 25, 184 So.2d 544 (1966) disposes of this contention adversely to the plaintiff's claim. Thus, for these reasons, judgment will now be rendered herein granting defendant's motion for summary judgment and dismissing this case at plaintiff's cost.